OPINION
{¶ 1} Roger Sibert was found guilty after a bench trial of possession of drug paraphernalia in violation of R.C.2925.14(C)(1). The trial court imposed and suspended a thirty-day jail sentence, fined Sibert $100 and costs, and placed him on unsupervised probation for a period not to exceed one year.
 {¶ 2} Sibert filed a notice of appeal and counsel was appointed by the court to prosecute the appeal. On July 22, 2004, appointed appellate counsel filed an Anders brief pursuant toAnders v. California (1967), 386 U.S. 734, wherein counsel represented that he could find no arguably meritorious appellate issues to present on appeal but suggested, as a possible assignment of error, that Sibert's conviction was against the manifest weight of the evidence.
 {¶ 3} On July 28, 2004, this court by decision and entry notified Sibert that his appellate counsel had filed an Anders
brief and of the significance of an Anders brief. We invited Sibert to file a pro se brief assigning errors for review by this court. We directed Sibert to file any such brief within sixty days of July 28, 2004. As of the date of this opinion and judgment, Sibert has filed nothing with the court.
 {¶ 4} At trial, Dayton Police Officer Patrick Bucci testified that he observed Sibert remove a crack pipe from his pocket and throw it on the ground. Sibert testified and denied doing so. In that credibility is within the province of the trial court, and there being nothing incredible about Officer Bucci's testimony, we agree with appointed appellate counsel that an argument that the trial court's finding of guilty is against the manifest weight of the evidence is unavailing.
 {¶ 5} Pursuant to our responsibilities under Anders, we have conducted a complete review of the record in this case and conclude, as did appellate counsel, that there are no arguably meritorious issues for appellate review and that this appeal is entirely frivolous. Accordingly, the judgment will be affirmed.
Fain, P.J. and Young, J., concur.